AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>ERIC EDGAR<br><br>Defendant(s) | Case No.  14  7 0 5 3 6   NJV<br>O R 14-275 CRB |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 6, 2013 to April 30, 2013__ in the county of _____Lake_____ in the

____Northern____ District of _____California_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 United States Code § 846 | Conspiracy to Manufacture and Possess with Intent to Distribute 1,000 or more Marijuana Plants |
| 21 United States Code § 841(a)(1) | Manufacture and Possession with Intent to Distribute 1,000 or more Marijuana Plants |
| | Maximum Penalties: Life imprisonment, with a 10 year mandatory minimum term of imprisonment; $10 million fine; lifetime supervised release, with a minimum of 5 years' supervised release; $100 special assessment |

This criminal complaint is based on these facts:

Please see attached affidavit of HSI SA Andrew Jensen in support of Complaint.

(approved as to form _____ AUSA Kevin Barry)

☑ Continued on the attached sheet.

_____
Complainant's signature

_____Andrew Jensen, Special Agent, DEA_____
Printed name and title

Sworn to before me and signed in my presence.

Date: __4/16/14__

_____
Judge's signature

City and state: _____San Francisco California_____

_____Hon. Nandor J. Vadas, U.S. Magistrate Judge_____
Printed name and title

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Andrew Jensen, do swear and affirm as follows:

### INTRODUCTION AND PURPOSE FOR AFFIDAVIT

1.      This affidavit is submitted in support of a criminal complaint against ERIC

EDGAR for violations of 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute

1,000 or More Marijuana Plants, and 21 U.S.C. § 841(a)(1) – Manufacture of and Possession

with Intent to Distribute 1,000 or More Marijuana Plants.

2.      The facts set forth in this affidavit are based on my own personal knowledge,

knowledge obtained from other individuals during my participation in this investigation,

including other law enforcement officers, my review of documents and records related to this

investigation, communications with others who have personal knowledge of the events and the

circumstances described herein, and information gained through my training and experience.

Because this affidavit is submitted for the limited purpose of establishing probable cause in

support of a complaint, it does not set forth each and every fact that I, or others, have learned

during the course of the investigation.

### AGENT BACKGROUND

3.      I am a Special Agent (SA) with the Department of Homeland Security,

Immigration and Customs Enforcement (ICE), assigned to the Special Agent in Charge, San

Francisco (SAC/SF). I have been so employed since February 2, 2008. As part of my daily

duties as an ICE Special Agent with the Contraband Smuggling Group, I investigate criminal

violations relating to violations of Titles 21 and 18 of the United States Code. I have received

training and have actual experience relating to federal criminal procedures, federal statutes, and

1

U.S. Immigration and Customs regulations. In the course of my career, I have conducted or participated in narcotics investigations in which methamphetamine, cocaine, opium, marijuana, MDMA, GBL, precursor chemicals, firearms, and/or currency were seized. I hold a Bachelor's degree from California State University, Sacramento, and I have been a sworn federal law enforcement officer since 2006. Prior to my employment with ICE, I was employed as a Federal Air Marshal with the Federal Air Marshal Service, and graduated from the Criminal Investigators Training Program and ICE Special Agent Training at the Federal Law Enforcement Training Center in Brunswick, Georgia.

## APPLICABLE LAW

4.      Title 21, United States Code, Section 846 prohibits a person from conspiring to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. Title 21, United States Code, Section 841(a)(1) prohibits a person from manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance.

## FACTS ESTABLISHING PROBABLE CAUSE

### Background

5.      In April of 2013, Lake County Sheriff's Office Detective Frank Walsh conducted a flyover of property owned by a person named Ryan BALLETTO in Ogulin Canyon, an area outside of Clear Lake in Lake County, California. Det. Walsh determined the ownership by using a commercial database that provides assessor parcel numbers (APN), APN boundaries, property ownership information, global position system (GPS) coordinates, and satellite photographs of queried property records. During that flyover, based on his training and

2

experience, Det. Walsh identified two greenhouses on the property that were full of marijuana plants.

6.      Using a handheld GPS device, Det. Walsh collected the coordinates of the greenhouses: Latitude 38 59.575N by Longitude 122 34.908W. These coordinates are identified in the APN database as 990 Junction Plaza Road, Clearlake, CA, APN 010-055-240-000, with Ryan BALLETTO as the owner of record. The property is a rural, undeveloped parcel which is accessed using a dirt easement road at the end of Ogulin Canyon Road. Further investigation using a commercial APN database showed that BALLETTO currently owns a total of five parcels in the same area, all bordering each other with no visible permanent structures, totaling 681 acres (the "BALLETTO's parcels"). All of the parcels are accessed through the same dirt easement road at 1750 Ogulin Canyon Road, Clearlake, CA.

## The May 1, 2013 Execution of the State Court Search Warrant – Discovery of the Marijuana Grow

7.      On May 1, 2013, officers and agents from the Lake County Sheriff's Office, HSI, the DEA, and the Defense Criminal Investigative Service (DCIS) executed a search of the BALLETTO parcels pursuant to a warrant issued by the Lake County Superior Court. Agents and officers reached the main grow site that Det. Walsh identified by air, and they found two large greenhouses and a silver travel trailer.

8.      Greenhouse 1 contained 497 marijuana plants, most of which were over six feet in height. This count was verified by myself and DEA Special Agent Ken Richardson. Greenhouse 1 was outfitted with an elaborate cooling system, consisting of a wall mounted evaporative cooler that was approximately 40 feet long and six feet tall. Each plant was in its own planter that was individually irrigated. The greenhouse was also equipped with a light

3

deprivation system that allowed manipulation of the plant development to produce continuous growing cycles.

9.    Greenhouse 2 contained 473 marijuana plants; this count was also verified by myself and SA Richardson. These plants were also individually potted and irrigated. All of the marijuana plants discovered in Greenhouses 1 and 2 were then eradicated.

10.    While agents and officers were securing Greenhouses 1 and 2, additional officers continued deeper into the property to a third greenhouse that was identified by air that morning, Greenhouse 3.

11.    Agents then moved on to Greenhouse 3, which contained 346 marijuana plants, all individually potted and irrigated. This count was also verified by myself and SA Richardson. These plants were also immediately eradicated.

**Interviews with Eric EDGAR by Law Enforcement Officers**

12.    Following the execution of the search warrant on the BALLETTO parcels, agents learned that an individual named ERIC EDGAR had been living and working on the parcels. Agents did not locate EDGAR during the search. They later learned that he had left the parcels and traveled to Los Angeles prior to the execution of the warrant. Shortly after the search, EDGAR was arrested in Los Angeles, and he gave a mirandized and recorded interview to officers. Later, he was transported to Lake County and was given a second mirandized and recorded interview.

13.    EDGAR told officers that he had been working at a dispensary in Los Angeles to which BALLETTO sold marijuana. In late 2012 or early 2013, BALLETTO was at the dispensary and recruited EDGAR to work on the grow site. EDGAR agreed to go to Lake County for this purpose. In exchange for food and cigarettes, EDGAR and his girlfriend would

4

work on site, deferring payment until the harvest, which was estimated to take place in four months. After the harvest, he expected to be paid somewhere between $40,000 and $50,000.

14.     On January 6, 2013, BALLETTO drove EDGAR and his girlfriend up to the grow site and gave them a Silverstream trailer to live in while they worked on the cultivation operation.

15.     EDGAR admitted tending to the marijuana plants that were growing on the BALLETTO parcels, hand-watering them for up to 10 to 12 hours per day. He stated that there were three greenhouses on the property, and he accurately described their construction.

16.     EDGAR admitted that the operation was significant in scope, and he estimated the size of the grow at easily over 1,300 plants. EDGAR knew it was illegal to cultivate marijuana, especially on so large a scale. He knew that he and his girlfriend were taking a risk, but he wanted to make some money.

17.     With respect to money, EDGAR stated that BALLETTO claimed to be able to generate 300 pounds from the grow. EDGAR challenged BALLETTO on this point, stating there were 800 plants that could produce 10 pounds each. In EDGAR's view, BALLETTO was underestimating the yield because he didn't want EDGAR's cut to be too big. According to EDGAR, BALLETTO had a history of bringing people in and working them to death, and then failing to pay them properly.

## REQUEST FOR SEALING

18.     I believe that, should the contents of this Complaint and affidavit be made public, it would jeopardize this continuing investigation and any personnel assigned to or cooperating in this investigation. I also know, based upon my training and experience, that if the subject of this investigation or his associates were notified that a criminal investigation exists, they would have

the opportunity to destroy evidence, notify co-conspirators, or flee from prosecution. For the foregoing reasons, and because this is an ongoing investigation, I request that the warrant and the accompanying affidavit be sealed until further order of the Court.

## CONCLUSION

19.     Based upon the evidence set forth herein, there probable cause to believe that ERIC EDGAR committed violations of 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute 1,000 or More Marijuana Plants, 21 U.S.C. § 841(a)(1) – Manufacture of and Possession with Intent to Distribute 1,000 or More Marijuana Plants.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Andrew M. Jensen, Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement
Homeland Security Investigations

Subscribed and sworn before me on:

4/16/14
Date

HON. NANDOR J. VADAS
U.S. MAGISTRATE JUDGE